The Honorable Stephanie Malone State Representative 2105 South O Street Fort Smith, Arkansas 72901-5737
Dear Representative Malone:
I am writing in response to your request for an opinion on the following two (2) questions, which have been paraphrased slightly to reflect the background information provided:
 1. May a retailer located in Fort Smith, Arkansas impose the applicable Oklahoma tax rate on sales of cigarettes in light of Section 4 of Act 180 of 2009?
 2. If the answer to question 1 is yes, does this conclusion apply to any tobacco products other than cigarettes?
RESPONSE
In response to your first question, it is my opinion that, under Section 4 of Act 180 of 2009, [1] a Fort Smith retailer located within 300 feet of the state line must impose the applicable Oklahoma tax rate on all cigarette sales, so long as that tax rate is not greater than the tax rate imposed on cigarette sales under Arkansas law. Furthermore, it is my opinion that a Fort Smith retailer located more than 300 feet from the state line may not impose the Oklahoma tax rate on any cigarette sales. *Page 2 
In response to your second question, it is my opinion that Section 4 ofAct 180 of 2009 does not apply to any tobacco products other than cigarettes.
Question 1: May a retailer located in Fort Smith, Arkansas impose theapplicable Oklahoma tax rate on cigarette sales in light of Section 4 ofAct 180 of 2009?
Your question appears to be whether Section 4 of Act 180 of 2009permits a retailer located anywhere in the City of Fort Smith to impose the Oklahoma tax rate on sales of cigarettes. The most relevant provision quoted in your opinion request is subsection (b)(1)(A), which states:
 Whenever there are two (2) adjoining cities each with a population of five thousand (5,000) or more separated by a state line, the tax on cigarettes sold in the adjoining Arkansas city shall be at the rate imposed by law on cigarettes sold in the adjoining city outside Arkansas.
Sec. 4(b)(1)(A), Act. 280 (2009).
I will first note that, because this subsection uses the word "shall," its provisions are mandatory on retailers, rather than discretionary. In other words, if it applies, it would require, rather thanpermit, retailers to comply. Thus, if the description given in this subsection, "two (2) adjoining cities each with a population of five thousand (5,000) or more separated by a state line," is applicable to Fort Smith, then retailers city-wide will be required to tax sales of cigarettes at the rate imposed by the state of Oklahoma. However, my research has led to the conclusion that this description does not apply to the City of Fort Smith. While Fort Smith is undisputedly a city with a population of five thousand or more adjoining the Arkansas/Oklahoma border, there does not appear to be an adjoining city with a population of five thousand or more on the Oklahoma side of the border.[2] For this reason, I must conclude that subsection (b)(1)(A) does not apply to Fort Smith. *Page 3 
However, Section 4 of Act 180 of 2009 contains another subsection, not quoted in your opinion request, which describes other circumstances under which Arkansas retailers are required to tax cigarette sales at the rate imposed by a neighboring state. Subsection (b)(2) appears to apply to the City of Fort Smith and provides, in relevant part:
 (2)(A) The tax on cigarettes sold in Arkansas within three hundred feet (300') of a state line in any Arkansas city that adjoins a state line . . . shall be at the rate imposed by law on cigarettes sold in the adjoining state.
 (B) The tax shall not exceed the tax upon cigarettes imposed by Arkansas law.
Sec. 4(b)(2)(A), Act. 280 (2009).
Again, this subsection is mandatory because of the use of the word "shall." As previously stated, Fort Smith is an "Arkansas city that adjoins a state line." Accordingly subsection (b)(2) is applicable. Therefore, under (b)(2), all cigarettes sold in Fort Smith within threehundred feet of the state line must be taxed at the rate imposed by law on cigarettes sold in Oklahoma so long as that tax rate does not exceed the tax upon cigarettes imposed by Arkansas law.
In sum, it is my opinion that Section 4 of Act 180 of 2009requires a Fort Smith retailer located within 300 feet of the state line to impose the applicable Oklahoma tax rate on all cigarette sales, so long as that tax rate is not greater than the tax rate imposed on cigarette sales under Arkansas law. It must be noted that Section 4 ofAct 180 of 2009 contains no section permitting a retailer located more than 300 feet from our state's border to impose a neighboring state's tax rate on cigarette sales simply because the city in which such retailer is located adjoins the border. Accordingly, it is my further opinion that a Fort Smith retailer located more than 300 feet from the border is implicitly prohibited from taking any such an action.
Question 2: If the answer to question 1 is yes, does this conclusionapply to any tobacco products other than cigarettes?
By its plain language, Section 4 of Act 180 of 2009 does not apply to any tobacco products other than cigarettes. While Section 5 ofAct 180 of 2009 imposes an *Page 4 
"additional tax on tobacco products other than cigarettes," this tax appears to apply evenly across the board and is not dependant on the location of the retailer selling the products.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] This section is to be codified at A.C.A. § 26-27-806.
[2] The term "city" is typically understood to mean either a city of the first class, a city of the second class, or an incorporated town.See, e.g., A.C.A. § 14-169-203; A.C.A. § 14-173-102; A.C.A. § 14-174-102; A.C.A. § 24-12-201. *Page 1